UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN C. CRABB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-4162 |
| | ) |
| ROBERT HOLLINSHEAD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 4). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir.

1

2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff files suit against Attorney Robert Hollinshead and the People of the State of Illinois. Plaintiff claims his prison sentence ended in March 2010, but Defendants filed a petition claiming that he suffers from a mental disorder. Plaintiff was found to be a sexually violent offender and civilly committed at Rushville. Plaintiff alleges his lifetime detainment at Rushville violates his Fourteenth Amendment rights. Plaintiff also asserts he is unable to attend sex offender treatment in a group setting due to an unspecified physical condition and was denied individual sex offender treatment through the institutional mail.

Regarding Defendant Hollinshead, "state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). Accordingly, Plaintiff's Complaint fails to state a claim for relief against Defendant Hollinshead.

"[T]he 'People of the State of Illinois' cannot be sued under 42 U.S.C. § 1983." *Warren v. Illinois Dep't of Corr.*, No. 12-CV-3148, 2012 WL 2574768, at *2 (C.D. Ill. July 2, 2012); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are "persons" under § 1983."). "Section 1983 allows a plaintiff to sue a

'person' who, acting under color of law, violates his constitutional rights." *Brown v. Milwaukee Cnty. Jail*, No. 20-CV-1367, 2021 WL 763809, at *2 (E.D. Wis. Feb. 26, 2021).

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim. Out of an abundance of caution, the Court will allow Plaintiff one opportunity to amend his Complaint within 30 days of this Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Failure to file a timely Amended Complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED:  1/14/2025

s/ James E. Shadid
James E. Shadid
United States District Judge